IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AARON NATHANIEL HINES, #425693 *
        Plaintiff,
   v.                                 *   CIVIL ACTION NO. JFM-17-301

WARDEN RICKY FOXWELL     *
        Defendant.
                        *****

MEMORANDUM

On February 1, 2017, the court received for filing a complaint for compensatory and punitive damages from Aaron Nathaniel Hines, a state inmate confined at the Eastern Correctional Institution ("ECI"), against Warden Ricky Foxwell. ECF No. 1. Hines claims that upon his July 21, 2016 release from segregation he was informed that he would be placed on a gang tier where he had previously been threatened. He alleges that after he made this threat known to prison staff, he was placed back on disciplinary segregation without receiving proper "disciplinary procedures." He contends that he was illegally held in confinement where his movements were restricted, he was subject to "conditions of weather," and he was deprived of communications with loved ones. Hines names Ricky Foxwell as the sole defendant, claiming that as the Warden he is responsible for all events that occurred at the prison. *Id.*, p. 3.

Defendant has filed a motion to dismiss or, in the alternative, motion for summary judgment and Hines has filed an opposition thereto. Paper Nos. 10 & 12. The case may be determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2016). For reasons to follow, defendant's responsive pleading, construed as a motion for summary judgment, shall be granted.

Standard of Review

Rule 56(a) of the federal Rules of Civil Procedure provides that:

A party may move for summary judgment, identifying each claim or

defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

Because Hines is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

## Discussion

### Facts

Defendant states that on July 21, 2016, after Hines was informed of his new cell assignment, he informed Correctional Officer Hall that he was not going to the cell because he feared for his safety. On July 22, 2016, Hines was cited with a notice of infraction ("NOI") for refusing housing. On August 2, 2016, a hearing was held before Adjustment Hearing Officer ("AHO") Mack. Hines acknowledged receiving a copy of the NOI, but did not request witnesses, representation, or the submission of any evidence prior to the hearing. He testified at the hearing and a copy of the NOI was received into evidence. In addition, a case manager testified that Hines was informed that he had to be more specific about who made threats against him. Hines was found to be in violation of Rules 400 and 401, for disobeying a direct order and refusing housing "without providing a valid reason for doing so," and was sanctioned with forty-five days of segregation. On August 19, 2016, a copy of the Warden's review denying the appeal was served on Hines. ECF No. 10-2.

Defendant presents the declaration of the Inmate Grievance Office ("IGO") Executive Director to support the claim that Hines did not file a grievance regarding his July 2016 adjustment or segregation assignment. ECF No. 10-3, Neverdon Decl. Defendant argues that disciplinary segregation inmates have visitation privileges, access to mail and telephones. ECF No. 10-4.

In his Opposition, Hines appears to claim that in his case no recommendation was made to place him on administrative segregation and the shift commander did not sign off on his segregation assignment. He further asserts that he did exhaust his administrative remedies by "alerting staff during his rule violation hearing" and by filing a grievance with the IGO which concerned his safety and security level. ECF No. 12.

3

## Legal Analysis

The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a). *See Ross v. Blake*, ___ U.S.___ 136 S.Ct. 1850, 1858 (2016) (An inmate "must exhaust available remedies, but need not exhaust unavailable ones."). This requirement is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

The court is not disposed to dismiss the complaint on the affirmative defense of non-exhaustion of administrative remedies in light of Hines' claims that he filed a grievance with the IGO. Instead, the Court shall examine whether summary judgment in favor of defendant would be appropriate because the pleadings, declarations, and exhibits on file demonstrate that Warden Foxwell did not violate Hines' constitutional rights.

Hines fails to claim that defendant had any personal involvement in the alleged deprivations. While supervisory liability may attach under § 1983, such culpability is not tied to defendant because Hines has failed to establish that: (1) Foxwell had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive risk of a constitutional injury; (2) Foxwell's response to that knowledge was so inadequate as to show deliberate inference to or tacit

4

authorization of the allege offensive practices; and (3) there was an affirmative causal link between Foxwell's inaction and the alleged constitutional injury. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Alternatively, upon review of the complaint and pleadings, I find no constitutional violation. Although inmates do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of GCT, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U. S. at 564-571. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U. S. 308, 322-23 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the AHO's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 323 n.5. The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence. *Cf. Wolff, supra,* at 570–571.

The court finds that the disciplinary process associated with Hines' institutional charges met the aforementioned minimum due process procedural requirements. He received advanced written

5

notice of the charges, was advised of his rights, was permitted to have representation, and received formal notice of the hearing.

Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F.Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary officer's factual findings, a federal court will not review their accuracy.[1]

Given the materials presented to the court, it is clear that Hines was provided all the due process to which he was entitled. The proceedings before this court are not a retrial of the incidents and the undersigned finds that the decision was based upon "some evidence." (These constitute "some" facts upon which the AHO was entitled to rely in finding plaintiff guilty of the Rule 400 and 401 violations.

Moreover, Hines assignment to segregation did not violate his due process rights. In general, the Constitution does not entitle a prisoner to be held in any particular prison or classified to any particular security level. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Paoli v. Lally*, 812 F.2d 1489, 1493 (4th Cir. 1987). A liberty interest may, however, be created when state action

---

[1] The role of the district court is not to afford a *de novo* review of the AHO's factual findings. The district court should simply determine whether the decision was supported by some facts. The sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials. Otherwise, the federal court would assume the task of retrying all prison disciplinary disputes.

imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Hines was assigned to ECI disciplinary segregation. He does not dispute the fact that he had access to visitors, mail and telephone services. Further, he does not demonstrate that the conditions of segregation were so restrictive as to meet the "atypical and significant hardship" standard in *Sandin*. Following the reasoning in *Sandin*, it appears that no liberty interest is implicated in Hines' assignment to segregation.

## Conclusion

For the aforementioned reasons, defendant's dispositiver motion, treated as a motion for summary judgment, is granted. A separate Order follows.

Date: /s/

J. Frederick Motz
United States District Judge